UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-241-JRS-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BRADLEY HARDY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☒ FACTORS CONSIDERED: Defendant has filed a pro se motion that the Court construes as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 77. The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, after the defendant exhausts administrative remedies, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and

compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

In this case, Defendant was originally sentenced to 27 months of imprisonment and three years of supervised release after he pled guilty to two counts of being a felon in possession of a firearm. Dkt. 41. While he was serving that sentence, he moved for compassionate release based on the risk he faced from the COVID-19 pandemic. Dkt. 48. The Court denied his motion on February 11, 2021, because the sentencing factors in 18 U.S.C. § 3553(a) did not favor release. Dkt. 57.

After the Court denied the motion for compassionate release, Defendant completed his sentence and was released to supervised release on April 14, 2021. Dkt. 61. Just six months later, USPO petitioned for a warrant because Defendant had violated the terms of his supervision by, among other things, failing to report to his probation officer, moving to a new address without receiving his probation officer's approval, testing positive for cocaine use on two occasions, failing to report for drug testing on six occasions, and failing to participate in substance abuse treatment. *Id*. On November 15, 2021, Defendant—who was represented by counsel—admitted to the violations. *Id.* The parties jointly recommended a sentence of one year and one day, which the presiding Magistrate Judge adopted and recommended to the undersigned. *Id.* The parties waived the 14-day period to object to the Magistrate Judge's report and recommendation, and the undersigned adopted that report and recommendation on November 17, 2021. *Id.*, dkt. 69. Judgment entered on November 18, 2021, *id.*, dkt. 70, and the Bureau of Prisons ("BOP") currently reports that Defendant's anticipated release date (with good-conduct time included) is September 16, 2022.

Defendant argues that extraordinary and compelling circumstances warrant release in this case because he is 64 years old and suffers from various medical conditions (including high blood pressure, lower abdominal hernia, prostate abnormalities, cholesterol, anxiety, sleep apnea, and nerve damage in his arm). Dkt. 77. In addition, he represents that he has serious dental issues that keep him

from eating that have not been attended to because the BOP is understaffed. *Id*. He claims that the conditions at his facility—Metropolitan Correctional Center ("MCC")—are inhumane. *Id*. Finally, he represents that he has completed a number of programs since his incarceration and that he has an "impeccable" prison record. *Id*.

The Court declines to exercise its discretion to find that extraordinary and compelling reasons warrant release in this case. To the extent that Mr. Hardy is complaining about the conditions at MCC or the BOP's failure to provide him with dental care, such claims might support a civil suit in his district of incarceration, but they do not constitute extraordinary and compelling reasons warranting release. *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021) ("Mistreatment or poor conditions in prison, if proved, might be grounds for relief in a civil lawsuit, but untested allegations of this nature are not grounds for a sentence reduction.") (internal citation omitted). To the extent that Mr. Hardy is contending that his age and medical conditions place him at an increased risk of experiencing severe symptoms if he contracts COVID-19, the Court was well aware of the risks of COVID-19 when it sentenced Mr. Hardy. As for his other arguments, the Court recognizes that Mr. Hardy is 64 years old and suffers from various medical conditions, but there is no indication that he is incapacitated or that his condition has deteriorated significantly since he was sentenced less than six months ago. Thus, his age and medical conditions are not extraordinary and compelling reasons warranting release, whether alone or in combination with any other factors. Finally, the Court recognizes Mr. Hardy's efforts at rehabilitation, but rehabilitation standing alone is not an extraordinary and compelling reason for release. *See* 28 U.S.C. § 994(t).

In addition, even if Mr. Hardy had come forward with extraordinary and compelling reasons potentially warranting relief in this case, the Magistrate Judge weighed the § 3553(a) factors less than six months ago and found a 12-month-and-one-day sentence to be appropriate. *See* dkt. 67. Mr. Hardy did not object to that assessment. *Id*. Nothing has changed since that time other than that

Defendant has served about half of his sentence. Too little time has passed to conclude that the § 3553(a) factors now warrant release, particularly in light of the fact that Mr. Hardy so recently violated the terms of his supervised release.

Accordingly, Defendant's motion for compassionate release, dkt. [77], is **denied**.

IT IS SO ORDERED.

Date: 05/02/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bradley Hardy
Reg. No. 04612-028
MCC Chicago
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, IL 60605

All Electronically Registered Counsel